UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ROYAL NEWS CORP. d/b/a ROYAL MEDIA GROUP,

                Plaintiff,

v.

NETSOL TECHNOLOGIES, INC.,

                Defendant.

------------------------------------------------------------------------X

Case No.:

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

Plaintiff Royal News Corp. d/b/a Royal Media Group ("RMG" or "Plaintiff") for its Complaint against Defendant NETSOL Technologies, Inc. ("NETSOL" or "Defendant"), alleges as follows:

## PARTIES

1.  Plaintiff RMG is a New York corporation with its principal place of business in New York, New York.

2.  Upon information and belief, Defendant NETSOL is a Nevada corporation with its principal place of business in Calabasas, California.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

5. This Court has personal jurisdiction over Defendant NETSOL because, among other things, NETSOL (i) transacted business in New York; (ii) regularly does and solicits business and derives substantial revenue from services rendered in New York; and (iii) despite deriving substantial revenue from services rendered in New York, committed tortious acts outside of New York causing injury to person or property within New York.

## FACTUAL BACKGROUND

6. RMG is a business information and media company serving professionals in the financial services, air freight, and vehicle finance sectors. RMG, among other things, organizes and runs business conferences, including two annual conferences held for the automotive finance industry: the "Auto Finance Accelerate" (the "Accelerate") conference, typically held in March, and the "Auto Finance Summit," (the "Summit") typically held in October. RMG also publishes the premier monthly magazine for the automotive finance industry, which is distributed to 1,211 paid subscribers, and disseminated as an email a daily automotive finance industry newsletter to approximately 5,200 subscribers.

7. Upon information and belief, NETSOL provides smart software technology and consulting services to individuals and entities in the asset financing and leasing industries.

8. On or about December 17, 2018, RMG and NETSOL entered into the Multi Year Auto Finance Summit Agreement (the "Sponsorship Agreement"), pursuant to which NETSOL agreed to pay Sponsorship Fees to RMG in return for designation as the sole "Diamond Level Sponsor" for the Accelerate and Summit conferences for a period of five (5) years (2019-2023). The Sponsorship Agreement is attached as Exhibit 1.

9. Pursuant to § 1(c) of the Sponsorship Agreement, NETSOL would pay $139,723 per year beginning in 2019 and continuing through 2023. The total amounts owed annually in

2020, 2021, 2022, and 2023 would be paid in four (4) equal installments of $34,930.75 due on January 2, March 1, May 1, and July 1 of each year.

10. The Sponsorship Agreement provides that "Failure to make any scheduled payments [required under § 1(c)] shall be deemed a cancellation." (Sponsorship Agreement, § 1(c))

11. Section 1(d) of the Sponsorship Agreement provides that "In the event of a cancellation of this Agreement by NETSOL, NETSOL shall, within ten (10) days of such cancellation, pay to Royal Media a termination fee[.]"

12. Section 1(d) of the Sponsorship Agreement also provides that, should NETSOL cancel the Sponsorship Agreement due to a payment breach between January 1 and December 31, 2020, it must pay RMG a termination fee of "$139,723 + $62,875.35 (15% of the total remaining balance for 2021, 2022, and 2023)." Pursuant to its terms, NETSOL would owe RMG $202,598.35 if it terminated the Sponsorship Agreement in calendar year 2020.

13. The parties agreed that the termination fees "**constitute reasonable estimates of Royal Media's actual harm due to the cancellation or default, in the form of agreed-upon liquidated damages and not as a penalty**." (Sponsorship Agreement, § 1(d) (emphasis in the original))

14. Pursuant to § 1(e) of the Sponsorship Agreement, NETSOL also agreed to comply with RMG's Exhibitor-Sponsor Terms and Conditions (the "T&C"). The Sponsorship Agreement incorporates the "T&C," which are attached as Exhibit 2.

15. Under the "Payments" section of the T&C, NETSOL was obligated to "send a full, non-refundable payment… to reserve Exhibit and/or Sponsorship rights at the Show." A failure to do so resulted in a breach of the T&C.

16. In the "Indemnification" section of the T&C, NETSOL consented to pay RMG's attorneys' fees and costs arising out of any breach of the T&C.

17. Notwithstanding the terms of the Sponsorship Agreement, NETSOL failed to pay the $34,930.75 due on or before March 1, 2020.

18. By early March 2020, RMG had honored all its contractual commitments for the 2020 Accelerate conference (the "2020 Conference") and had registered 201 attendees for the Conference.

19. The 2020 Conference was held on March 9-11, 2020. NETSOL attended as the Diamond Level Sponsor.

20. As a Diamond Level Sponsor, NETSOL received, *inter alia*, premium advertisement placement on various Accelerate and Summit platforms and merchandise, complimentary conference registrations, a premium booth in the Exhibition Hall at both events, a one-month banner advertisement on AutoFinanceNews.net, and the attendee contact lists. (Sponsorship Agreement, § 1). NETSOL received each Accelerate benefit at the 2020 Conference as its Diamond Level Sponsor.

21. Many of the attendees visited the NETSOL exhibitions and met with NETSOL representatives during the Conference.

22. On March 16, 2020, NETSOL notified RMG by email that it would not comply with its contractual obligations under the Sponsorship Agreement, notwithstanding its participation in and sponsorship of the 2020 Conference.

23. On March 18, 2020, RMG invited NETSOL to discuss its March 16 email and reach an amicable resolution given their long-standing business relationship. NETSOL did not respond to RMG's request to discuss the matter.

24. By letter dated April 7, 2020 (attached as Exhibit 3), RMG informed NETSOL that its actions constituted a cancellation of the Sponsorship Agreement under § 1(c) and triggered its obligation to pay RMG the $202,598.35 termination fee under § 1(d). In light of NETSOL's cancellation of the Sponsorship Agreement and its failure to respond to RMG's earlier correspondence regarding NETSOL's defaults, RMG demanded that NETSOL pay in full the termination fee.

25. Notwithstanding its April 7 letter, by letter dated April 29, 2020 (attached as Exhibit 4), RMG invited NETSOL to discuss how it would settle its obligation to pay the termination fee and RMG's attorneys' fees owed pursuant to the Sponsorship Agreement. Moreover, despite NETSOL's breach of the Sponsorship Agreement, RMG told NETSOL that it could have until five (5) days after California lifted its applicable shelter in place orders to make an appropriate proposal to satisfy its obligations to RMG.

26. Despite RMG's good faith efforts, when California lifted in part its shelter in place orders on May 8, 2020, and allowed businesses to return to their offices, NETSOL did not contact RMG or provide RMG with any proposal to satisfy its obligations under the Sponsorship Agreement, including its duty to pay the termination fee and RMG's attorneys' fees.

27. By letter dated June 29, 2020 (attached as Exhibit 5), RMG demanded that NETSOL immediately pay the full $202,598.35 termination fee plus $10,000 in attorneys' fees and costs for its wrongful termination of the Sponsorship Agreement.

28. By letter dated July 2, 2020 (attached as Exhibit 6), NETSOL refused to pay the termination fee to RMG.

29. To date, NETSOL has not paid the $202,598.35 termination fee or the contractually mandated attorneys' fees and costs currently owed to RMG pursuant to the Sponsorship Agreement and the T&C.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT)

30. Plaintiff repeats each of the foregoing allegations as if fully set forth herein.

31. On or about December 17, 2018, RMG and NETSOL entered into the Sponsorship Agreement.

32. RMG performed all its obligations under the Sponsorship Agreement.

33. NETSOL breached the Sponsorship Agreement by failing to pay (i) the amount owed pursuant to § 1(c) on or before March 1, 2020; and (ii) the termination fee owed under § 1(d) after defaulting on its obligations and cancelling the Agreement.

34. By defaulting on the payments owed pursuant to the Sponsorship Agreement, NETSOL also breached the T&C incorporated into the Sponsorship Agreement.

35. As a result of NETSOL's breach of the Sponsorship Agreement, RMG has incurred $202,598.35 in damages plus its attorneys' fees and costs.

36. Pursuant to the Sponsorship Agreement, NETSOL must pay RMG the $202,598.35 termination fee and reimburse RMG for its attorneys' fees and costs incurred and to be incurred in prosecuting this action.

### SECOND CLAIM FOR RELIEF
### (QUANTUM MERUIT)

37. Plaintiff repeats each of the foregoing allegations as if fully set forth herein.

38.     RMG spent countless hours of time and effort organizing the 2020 Conference, which allowed all attendees a chance to enhance their businesses through networking and advertising.

39.     NETSOL attended the 2020 Conference, reaping the benefits of the event and NETSOL's spotlighted role as the only Diamond Level Sponsor, but failed to pay for its attendance and sponsorship.

40.     Due to NETSOL's cancellation of the Sponsorship Agreement, RMG had to find a new Diamond Level Sponsor for the Accelerate and Summit conferences to be held through 2023, when the Sponsorship Agreement was set to expire.

41.     As a result of NETSOL's actions, RMG has incurred damages in an amount to be determined at trial, but no less than $202,598.35.

42.     NETSOL is liable to RMG for all its damages that resulted from NETSOL's wrongful acts.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

(A)     On the First Cause of Action, for breach of contract, in the amount of $202,598.35, plus costs and pre-judgment and post-judgment interest;

(B)     On the Second Cause of Action, for quantum meruit, in the amount of $202,598.35, plus costs and pre-judgment and post-judgment interest;

(C)     For all attorneys' fees incurred because of Defendant NETSOL's breach; and

(D)     For such other and further relief as this Court may deem just and proper.

Dated: July 13, 2020
      New York, New York

                      COHEN TAUBER SPIEVACK & WAGNER P.C.

                      By: _____
                           Stephen Wagner
                           Jay Spievack
                           Caroline F. Corley
                           420 Lexington Avenue, Suite 2400
                           New York, New York 10170
                           Tel.: (212) 586-5800
                           swagner@ctswlaw.com

                           *Counsel to Plaintiff*